CRAVATH, SWAINE & MOORE LLP

WORLDWIDE PLAZA
825 EIGHTH AVENUE
NEW YORK, NY 10019-7475

TELEPHONE: (212) 474-1000
FACSIMILE: (212) 474-3700

CITYPOINT
ONE ROPEMAKER STREET
LONDON EC2Y 9HR
TELEPHONE: 44-20-7453-1000
FACSIMILE: 44-20-7860-1150

WRITER'S DIRECT DIAL NUMBER

(212) 474-1059

ALLEN FINKELSON
STUART W. GOLD
JOHN W. WHITE
EVAN R. CHESLER
MICHAEL L. SCHLER
RICHARD LEVIN
KRIS F. HEINZELMAN
B. ROBBINS KIESSLING
ROGER D. TURNER
PHILIP A. GELSTON
RORY O. MILLSON
RICHARD W. CLARY
WILLIAM P. ROGERS, JR.
JAMES D. COOPER
STEPHEN L. GORDON
DANIEL L. MOSLEY
PETER S. WILSON
JAMES C. VARDELL, III
ROBERT H. BARON
KEVIN J. GREHAN
STEPHEN S. MADSEN
C. ALLEN PARKER
MARC S. ROSENBERG
SUSAN WEBSTER
DAVID MERCADO
ROWAN D. WILSON
CHRISTINE A. VARNEY
PETER T. BARBUR
SANDRA C. GOLDSTEIN
THOMAS G. RAFFERTY
MICHAEL S. GOLDMAN
RICHARD HALL
JULIE A. NORTH
ANDREW W. NEEDHAM
STEPHEN L. BURNS
KEITH R. HUMMEL
DANIEL SLIFKIN
JEFFREY A. SMITH
ROBERT I. TOWNSEND, III
WILLIAM J. WHELAN, III
SCOTT A. BARSHAY
PHILIP J. BOECKMAN
ROGER G. BROOKS
WILLIAM V. FOGG
FAIZA J. SAEED
RICHARD J. STARK
THOMAS E. DUNN
MARK I. GREENE
SARKIS JEBEJIAN
DAVID R. MARRIOTT
MICHAEL A. PASKIN
ANDREW J. PITTS
MICHAEL T. REYNOLDS
ANTONY L. RYAN
GEORGE E. ZOBITZ
GEORGE A. STEPHANAKIS
DARIN P. MCATEE
GARY A. BORNSTEIN
TIMOTHY G. CAMERON
KARIN A. DEMASI
LIZABETHANN R. EISEN
DAVID S. FINKELSTEIN
DAVID GREENWALD
RACHEL G. SKAISTIS
PAUL H. ZUMBRO
JOEL F. HEROLD
ERIC W. HILFERS
GEORGE F. SCHOEN
ERIK R. TAVZEL
CRAIG F. ARCELLA
TEENA-ANN V. SANKOORIKAL
ANDREW R. THOMPSON
DAMIEN R. ZOUBEK
LAUREN ANGELILLI
TATIANA LAPUSHCHIK
ERIC L. SCHIELE
ALYSSA K. CAPLES
JENNIFER S. CONWAY
MINH VAN NGO
KEVIN J. ORSINI
MATTHEW MORREALE

SPECIAL COUNSEL
SAMUEL C. BUTLER
GEORGE J. GILLESPIE, III

OF COUNSEL
PAUL C. SAUNDERS

*Coalition to Defend Affirmative Action, et al. v.*
*Regents of the University of Michigan, et al.*,
Nos. 08-1389, 09-1111

October 24, 2011

Dear Chief Judge Batchelder:

We represent the Cantrell Plaintiffs, Appellants in the above-captioned appeal No. 09-1111, and Appellees in the above-captioned appeal No. 08-1389. We respectfully submit this letter in response to the October 17, 2011 letter submitted to the Court by former Intervenor-Appellant Eric Russell (No. 08-1389) (the "October 17 Letter").

According to his October 17 Letter, Mr. Russell seeks to file two supplemental briefs to the Court in connection with *en banc* review of the Panel decision in this matter: (1) a brief in support of Mr. Russell's appeal (No. 08-1389) from the District Court's dismissal of Mr. Russell as an intervening defendant, a holding that was already unanimously affirmed by the Panel, and (2) a brief in support of the constitutionality of Proposal 06-02 ("Proposal 2"), which is the subject of appeal No. 09-1111 in which Mr. Russell was not a party. For the reasons set forth below, we respectfully submit that Mr. Russell is not entitled to submit either brief.

*First,* there is no basis for Mr. Russell to file a supplemental brief in support of his appeal from the District Court's dismissal of him as an intervenor (No. 08-1389). Mr. Russell has already appealed that dismissal, which was unanimously affirmed by the Panel on July 1, 2011. Specifically, the Panel held, as the District Court had below, that Mr. "Russell's presence in the litigation is a mere makeweight that adds nothing of substance to the debate over Proposal 2's constitutionality." *Coal. to Defend Affirmative Action v. Regents of the Univ. of Mich.*, 652 F.3d 607, 633 (6th Cir. 2011) ("Panel Op." at 39) (internal quotation marks and citation omitted). Because Mr. "Russell's intervention in this litigation [was] therefore no longer proper," the Panel

"considered his filings as [it] would those of amicus curiae." *Id.*; *accord Coal. to Defend Affirmative Action v. Regents of the Univ. of Mich.*, Nos. 08-1387, 08-1389, 08-1534, 09-1111 (6th Cir. Nov. 9, 2009) (limiting Mr. Russell's role in the merits of this action to that of *amicus curiae*). Mr. Russell never sought *en banc* review of the Panel's decision, nor did he challenge that decision in any way. Instead, the only petition for rehearing of the Panel decision *en banc* was the one filed by the Attorney General in appeal No. 09-1111, seeking rehearing concerning the constitutionality of Proposal 2. Thus, there is no basis for Mr. Russell to file a supplemental brief appealing his status in these proceedings *en banc*. That status has already been determined: Mr. Russell is no longer a party to this matter and is limited to seeking leave to participate in No. 09-1111 as any other *amicus curiae*.

*Second*, recognizing that this Court has already removed him as a party based on his previously asserted "interest," Mr. Russell now seeks to participate in a new capacity, claiming for the first time an "interest" as a public employee. (October 17 Letter at 2.) This too fails to justify Mr. Russell's — or any other citizen's — participation *as a party*. Interested citizens cannot unilaterally inject themselves into a pending appeal. Instead, persons, like Mr. Russell, who believe they have some interest in the litigation may seek leave of the Court to express that interest as an *amicus curiae*. *See* Fed. R. App. P. 29. Notably, Mr. Russell has not sought to establish any of the elements necessary to justify intervenor status — nor could he, as any interest Mr. Russell may have in the enforcement of Proposal 2 is already adequately protected by the Attorney General. *See, e.g.*, *Northland Family Planning Clinic, Inc. v. Cox*, 487 F.3d 323, 345 (6th Cir. 2007) ("[I]n a challenge to the constitutionality of an already-enacted statute, . . . the public interest in its enforceability is entrusted for the most part to the government . . . ."). Indeed, that is the very reason that this Court has already twice concluded that the only appropriate role for Mr. Russell is as an amicus. *See* Panel Op. at 39 (citation omitted) ("As the district court noted, the Attorney General's and Russell's summary judgment motions 'duplicate each other.'"); *Coal. to Defend Affirmative Action v. Regents of the Univ. of Mich.*, Nos. 08-1387, 08-1389, 08-1534, 09-1111 (6th Cir. Nov. 9, 2009). This Court should so hold again.

Thus, we respectfully submit that Mr. Russell's participation should be limited, if at all, to that of an *amicus curiae*. In the event this Court permits Mr. Russell

to file any supplemental brief in any other capacity, the Cantrell Plaintiffs respectfully request an opportunity to respond in accordance with the schedule set forth by this Court.

Respectfully,

Karin A. DeMasi

The Honorable Alice M. Batchelder
United States Court of Appeals for the Sixth Circuit
540 Potter Stewart U.S. Courthouse
100 East Fifth Street
Cincinnati, OH 45202

Copies to: ALL COUNSEL OF RECORD

VIA CM/ECF OR BY FIRST-CLASS MAIL